UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACKSON PAVELKA, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No.: 3:20-cv-01557 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> (1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; <br> (2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and <br> (3) Connecticut Unfair Trade Practices Act CGS §§ 42-110a, *et seq.* and <br> (4) Unjust Enrichment <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Jackson Pavelka ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant Charter Communications, Inc. ("Defendant" or "Charter"), in negligently, knowingly,

1

and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a nationwide Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business at 400 Atlantic Street, Stamford, Connecticut 06901. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. In addition to the CAFA jurisdictional claim the court has "arising under" jurisdiction of the TCPA pursuant to 28 USC § 1331 jurisdiction as per the express holding of the Court in Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 753, 181 L. Ed. 2d 881 (2012).

3.      Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because Defendant's principal place of business is within the State of Connecticut.

4.      Furthermore, venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

5.      Plaintiff, Jackson Pavelka ("Plaintiff"), is a natural person residing in Texas.

6.      Defendant Charter Communications, Inc. ("Defendant" or "Charter") is a

Delaware corporation with its principal place of business at 400 Atlantic Street, Stamford, Connecticut 06901. Plaintiff is informed and believes that Charter Communications, Inc. conducted and conducts business in Connecticut, Texas and nationwide, either directly or through its agents.

## FACTUAL ALLEGATIONS

7. Plaintiff successfully registered his cellular telephone number, (817) XXX-4635, with the National Do Not Call Registry on March 18, 2019.

8. Beginning on or around the morning of February 25, 2020, Defendant contacted Plaintiff on his cellular telephone in an attempt to communicate with Plaintiff regarding purchasing television, internet, and/or voice services from Defendant's Spectrum brand. The original call came from (817) XXX-1454, what is believed to be an internet generated spoof number starting with the area code prefix (817).

9. Plaintiff asked Defendant's representative for a callback number and was given the telephone number (915) XXX-0849, which is entirely different from the number that contacted Plaintiff to initiate the February 25, 2020 telephone call.

10. Defendant again contacted Plaintiff on his cellular telephone on February 26, 2020 in an attempt to communicate with Plaintiff regarding purchasing television, internet, and/or voice services from Defendant's Spectrum brand. This telephone call came from (817) XXX-9154, what is believed to be an internet generated spoof number with the same area code prefix (817) and first three digits as Plaintiff's own cellular telephone number.

11. When Plaintiff answered this call, he heard a recorded voice. Upon pressing "1" to speak to a representative, a distinct pause was heard and there was a delay prior to a live person speaking, indicative of an automated telephone dialing system.

12. Plaintiff verbally agreed to schedule an installation appointment during the course of this February 26, 2020 telephone call. He received an order confirmation number and Defendant Spectrum made an attempt to charge the Visa card he provided.

13. On or around the afternoon of March 16, 2020, Defendant again contacted

Plaintiff on his cellular telephone in an attempt to communicate with Plaintiff regarding purchasing television, internet, and/or voice services from Defendant's Spectrum brand. This telephone call came from (817) XXX-6096, what is believed to be an internet generated spoof number with the same area code prefix (817) and first three digits as Plaintiff's own cellular telephone number.

14. Thereafter on March 16, 2020, Defendant contacted Plaintiff on his cellular telephone at 2:20pm. This telephone call came from (817) XXX-2430, what is believed to be an internet generated spoof number with the same area code prefix (817) and first three digits as Plaintiff's own cellular telephone number.

15. Thereafter on March 16, 2020, Defendant contacted Plaintiff for a third time at 3:24pm on his cellular telephone. This telephone call came from (888) XXX-1995, the listed telephone number for an authorized Charter Spectrum retailer located in Castle Rock, Colorado. Upon answering, Plaintiff was asked if he wanted to purchase Spectrum services but was unable to pay up front. At the conclusion of this telephone call, Plaintiff verbally requested that Defendant not contact him again.

16. On or around the morning of March 17, 2020, Defendant contacted Plaintiff on his cellular telephone. This telephone call came from (407) XXX-2518, what is believed to be an internet generated spoof number. Plaintiff again verbally requested that Defendant not contact him again.

17. On or around the evening of March 19, 2020, Defendant contacted Plaintiff on his cellular telephone. This telephone call came from (844) XXX-0145, Defendant's automated service number. Plaintiff listened to the recorded prompts and pressed "3" to cancel his installation appointment. He heard a recording that said "Please hold while I transfer you to a representative." Plaintiff hung up the call before speaking with a live person.

18. On or around the afternoon of March 20, 2020, Plaintiff received another telephone call from Defendant's automated service number. Plaintiff again listened to the recorded prompts and again pressed "3" to cancel his installation appointment. After pressing

"3" he heard another recorded prompt that said "Press one if you wish to cancel." Plaintiff pressed "1" and heard a voice beginning to say something, but Plaintiff hung up the call.

19. Later on or around the afternoon of March 20, 2020, Plaintiff received yet another automated telephone call from Defendant's automated service number. Plaintiff did not answer this call, but a voicemail left on his cellular telephone said "Hello. This is Spectrum. Your Spectrum technician Christopher is en route to your appointment..." Despite Plaintiff attempting to cancel this same installation appointment on two previous occasions.

20. On or around the morning of March 30, 2020, Defendant contacted Plaintiff on his cellular telephone. This telephone call came from (585) XXX-8862, what is believed to be an internet generated spoof number. Plaintiff again verbally requested that Defendant not contact him again.

21. On or around the morning of April 8, 2020, Defendant contacted Plaintiff on his cellular telephone. This telephone call came from (740) XXX-6196, what is believed to be an internet generated spoof number.

22. On or around the afternoon of April 10, 2020, Defendant contacted Plaintiff on his cellular telephone despite his numerous requests to stop calling him. This telephone call came from (334) XXX-4032, the listed telephone number for an authorized Charter Spectrum retailer located in Selma, Alabama. Plaintiff again verbally requested that Defendant not contact him again.

**TEXT MESSAGES**

23. Beginning on or around the afternoon of September 18, 2020, Defendant contacted Plaintiff on his cellular telephone at (817) XXX-4635, via SMS message, in an attempt to communicate with Plaintiff regarding purchasing television, internet, and/or voice services from Defendant's Spectrum brand. The original text message came from (915) XXX-2318, what is believed to be an internet generated spoof number starting with area code prefix (915).

24. On or around the afternoon of October 1, 2020, Defendant again contacted Plaintiff on his cellular telephone at (817) XXX-4635 via SMS message, in an attempt to

communicate with Plaintiff regarding purchasing television, internet, and/or voice services from Defendant's Spectrum brand. The text message came from (833) XXX-0263, a toll-free number.

25. Plaintiff distinctly heard a pause after answering the Defendant's intrusive phone call, resulting in a delay prior to a live person speaking indicative of an automated telephone dialing system.

26. Furthermore, numerous other complaints confirm Defendant's improper use of spoofed local phone numbers for unwanted automated robocalls. Some of these are set forth on various internet sites which can be accessed at the following links quoted below-

> "...[T]hey try to trick you into taking their call by changing their number each time they call"
> https://www.reddit.com/r/orlando/comments/7d7j9u/opting_out_of_spectrum_sales_calls/

> "...[U]sing different numbers to spam me with sales pitches"
> https://www.reddit.com/r/Spectrum/comments/em07nz/tired_of_the_spectrum_spam_calls/

27. Due to its pervasive, knowing and willful policy of purposely targeting people's mobile phones without express permission, Defendant Charter has been sued on at least two prior occasions for the very misconduct alleged herein. *See Anderson v. Charter Communications Inc,* Eastern District of Wisconsin, 2:17-cv-01684 (filed April 27, 2017); *Moore v. Charter Communications Inc*, Northern District of Illinois, 1:20-cv-00980 (filed February 11, 2020). These cases, as well as others Charter has resolved by settlement, provide notice of the continuing violations, further confirming the knowing and willful nature of the acts.

28. Defendant's improper robocalling is not limited to the numbers that called Mr. Pavelka, but rather numerous places throughout the country as part of their clear and patent disregard of call recipients' privacy rights. In addition to the above filed federal court actions, further examples of Charter's misconduct is set forth at

"I've gotten continuous sales calls from this company. I've received over 10 sales calls from this company. Everytime they call I tell them I'm not interested and ask them to quit calling me. They will not stop."

https://www.bbb.org/us/tx/plano/profile/telecommunications/spectrumvoip-0875-90003432/complaints.

"Will not stop calling us even after requesting do not call back and please add us to do not call list. Calls at least twice per week every week Will not stop calling us. We do not want to do business with them and they will not take us off the call list. These have become nuisance calls."

https://www.bbb.org/us/tx/plano/profile/telecommunications/spectrumvoip-0875-90003432/complaints

29. Defendant's misconduct is not an isolated event but part of a clear, organized and systemic pattern or practice emanating from its corporate headquarters in Stamford Connecticut specifically intended to invade people's privacy by targeting their mobile phones.

30. Defendant's acts leading to the invasion of Plaintiff's privacy and willful violation of the TCPA are part of a systemic and widespread policy, pattern and/or practice of Defendant, expressly seeking to ignore the rights of Plaintiff and others by contacting persons such as the Plaintiff in violation of law to further its business interest. Although many of their victims may reside outside of Connecticut, the wrongful conduct plainly emanates from the Defendant's headquarters in Stamford Connecticut.

31. The Defendant's acts and omissions previously set forth is violative of several statutes and well established common law doctrines, including the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and CUTPA C.G.S. §42-110b, *et seq.*

32. Defendant used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to place its calls and texts to Plaintiff seeking to communicate with Plaintiff regarding purchasing Spectrum television, internet and telephone services from Charter Communications, Inc.

33. Defendant's call(s) constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

34. Defendant never received Plaintiff's "prior express consent" to receive calls using an automated dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

35. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within the United States who received any telephone calls or texts from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided express consent to receiving such calls within the four years prior to the filing of this Complaint

36. Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any telephone call from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

37. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

38. This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

39. **Numerosity**: The proposed Class is so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

40. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their " prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members as well as causing aggravation, inconvenience, annoyance, disturbance, and intrusion on seclusion, and expressly violating the substantive right to be free from unwanted phone calls and texts.

41. **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims

herein can be established with common proof.  Common questions of fact and law include, but are not limited to, the following:

    (a)    Whether, within the four years prior to the filing of this Complaint, Defendant made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    (b)    Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation;  and

    (c)    Whether the Defendant should be enjoined from engaging in such conduct in the future.

42.    **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant as all Class members.  The injuries to each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

43.    **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

44.    **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings.  In

sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

45. Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendant, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

46. Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct. Defendant has acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

47. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

48. The foregoing acts and omission of Defendant constitute numerous and multiple

violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

49. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future. Furthermore, due to the widespread and pervasive nature of Defendant's misconduct as well as its now well established practice of settling with individual complainants whenever it does get called out for its misconduct, the nature of this claim calls out for the application of the capable of repetition yet avoiding review exception to the mootness doctrine, regardless of any resolution of an individual complainants claim for damages.

## SECOND CAUSE OF ACTION

### (KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

51. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

53. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**(VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, C.G.S. §42-110A, *ET SEQ.*)**

55. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth at this point.

56. As set forth in more detail above, Defendant has engaged in a persistent, widespread and willful campaign of flagrant violation of the TCPA's letter and spirit, resulting in multiple prior lawsuits and numerous other complaints, continuing to the present even after the filing of this complaint.

57. Defendant's misconduct demonstrates a widespread national pattern or practice of willful invasion of privacy and violation of federal law which clearly emanate from its corporate headquarters and nerve center.

58. The foregoing conduct of the Defendant constitutes a violation of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110a, *et seq*. on the part of the Defendant in that said actions in the course of the Defendant's trade or business were immoral, oppressive, unscrupulous, and caused substantial injury to the Plaintiff and members of the Plaintiff class.

59. The Defendant's conduct caused substantial ascertainable loss to the Plaintiff and members of the Plaintiff class, including but not limited to the loss of data and/or minute allotments for their phones due to the receipt of the unwanted call, ancillary and consequential damages required to respond to the same and protect against future such invasions, including obtaining protection against similar such calls, and fees and expenses required to deal with this invasion of their privacy rights.

60. Additionally, the Defendant obtained substantial benefit as a direct result of their invasion of the privacy of the Plaintiff and members of the Plaintiff class, which in equity and good conscience ought not be able to keep.

61. A copy of this complaint has been mailed to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection.

## FOURTH CAUSE OF ACTION
### (UNJUST ENRICHMENT/RESTITUTION)

62. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth at this point.

63. Defendant has willfully and consciously engaged in a massive and profitable scheme, pattern and/or practice of intentionally invading the privacy of numerous persons in violation of federal law and established principles of privacy, expressly designed to enrich Defendant at the expense of the Plaintiff and the class he brings this claim on behalf of.

64. The Defendant has obtained substantial benefit as a direct result of their invasion of the privacy of the Plaintiff and members of the Plaintiff class, which it in equity and good conscience ought not be able to keep.

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. An order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class;

2. For the first cause of action:

   - Plaintiff and Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;
   - Preliminary and permanent injunctive relief enjoining Defendant, their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
   - Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

3. For the second cause of action:

   - Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation , pursuant to 47 U.S.C. § 227, *et seq.*;
   - Preliminary and permanent injunctive relief enjoining Defendant, their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
   - Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

4. For the third cause of action:

   - Compensatory and punitive damages, for each and every violation, pursuant to C.G.S. §42-110a et seq.;

- Preliminary and permanent injunctive relief enjoining Defendant, their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
- Disgorgement of all proceeds flowing from Defendant's unjust and unlawful pattern and practice of invasion of privacy by unwanted and illegal means
- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

5. For the fourth cause of action:
   - Disgorgement of all proceeds flowing from Defendant's unjust and unlawful pattern and practice of invasion of privacy by unwanted and illegal means
   - Any other relief in law or equity as may be justified by the proof

Dated: October 14, 2020

## DEMAND FOR JURY TRIAL

Plaintiffs and each of them demand a jury trial on all such triable issues and causes of action.

THE PLAINTIFF

By /s/ Brenden P. Leydon
Brenden P. Leydon, Esq.
WOCL LEYDON LLC
80 Fourth Street
Stamford, CT 06905
Phone: (203) 333-3339
Fax: (203) 324-1407
Email: BLeydon@woclleydon.com
Federal Bar No.: CT16026